# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| ABDUL HAKEEM AFIZ, <br> f/k/a Miron Taylor, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN WELCH, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 4:20-cv-738-CDP |

## MEMORANDUM AND ORDER

This matter is before me upon the submission of a pleading[1] by plaintiff Abdul Hakeem Afiz, formerly known as Miron Taylor, inmate number 350138. For the reasons explained below, this case will be dismissed without prejudice to plaintiff re-filing the pleading upon payment of the $400 filing fee.

Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any

---

[1] In the pleading, plaintiff cites cause number 4:20-cv-661-NCC, and he indicates that the pleading is "Re-submitted." (ECF No. 1 at 1). That cause number relates to a civil action plaintiff initiated on May 15, 2020, and which was dismissed pursuant to 28 U.S.C. § 1915(g) without prejudice to the filing of a fully-paid complaint. That action is now closed, and when it was dismissed, the Court did not give plaintiff leave to file an amended pleading or resubmit any documents. Accordingly, the instant pleading was interpreted as plaintiff's attempt to initiate a new civil action.

[2] *See Taylor v. Toelke*, No. 4:97-cv-53-FRB (E.D. Mo. Feb. 24, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1661-DDN (Oct. 15, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1681-CEJ (Oct. 15, 1997); *see also Afiz v. Petri*, 2:09-cv-4005-NKL (W.D. Mo. Jul. 31, 2009) (listing cases dismissed under 28 U.S.C. § 1915(e)).

facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

When plaintiff initiated this action, he neither paid the $400 filing fee, nor sought leave to proceed *in forma pauperis*. He also failed to sign the pleading. However, I could only allow him to proceed *in forma pauperis* if his allegations established he was under imminent danger of serious physical injury at the time he filed the pleading. *See* 28 U.S.C. § 1915(g). In the instant pleading, plaintiff's allegations concern his mail. Such allegations do not establish that plaintiff is under imminent danger of serious physical injury. Therefore, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* and to correct the omission of his signature, because I would be unable to allow plaintiff to proceed without prepayment of the required filing fee. I will therefore dismiss this action, without prejudice to plaintiff re-filing the pleading upon payment of the $400 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice to plaintiff refiling the pleading upon payment of the $400 filing fee. A separate order of dismissal will be entered herewith.

Dated this 15th day of June, 2020.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE